IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JAIME RAMIREZ, *Plaintiff*, | CAUSE NO.: 3:26-cv-424 |
| v. | A CIVIL ACTION |
| CITY OF EL PASO, TEXAS, OFFICER MERCADO (badge 3337), OFFICER SOTO (badge 3783, and OFFICER AVILA (badge 3303), *Defendants*. | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

## I. INTRODUCTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of Plaintiff Jaime Ramirez's rights under the Fourth Amendment to the United States Constitution, including the right to be free from unreasonable seizure and excessive force.

2. On March 8, 2025, officers of the El Paso Police Department ("EPPD"), including Defendants Mercado, Soto, and Avila, acting under color of state law, used gratuitous, excessive, and objectively unreasonable force against Plaintiff while he was unarmed, restrained, and not resisting.

3. The officers' conduct violated clearly established constitutional law as articulated by the United States Supreme Court and the Fifth Circuit Court of Appeals.

4. Defendant City of El Paso is liable under Monell v. Department of Social Services, 436 U.S. 658 (1978), because Plaintiff's injuries were caused by the City's customs, policies,

and practices, including its failure to train, supervise, and discipline officers regarding use of force.

## II. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

6. This Court has supplemental jurisdiction over related state-law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because all events giving rise to Plaintiff's claims occurred in El Paso County, Texas.

## III. PARTIES

8. Plaintiff Jaime Ramirez is a resident of El Paso County, Texas.

1. Defendant City of El Paso, Texas is a municipal entity organized under Texas law and operates the El Paso Police Department. Defendant City of El Paso is a municipal entity that operates and manages the El Paso Police Department (EPPD). It may be served through the Mayor of El Paso, Renard U. Johnson's Office, 300 N. Campbell Street, El Paso, Texas 79901.

9. At all relevant times, the Chief of Police was the final policymaker for the City with respect to police training, use-of-force policy, supervision, and discipline.

10. Defendant Officer Mercado (Badge 3337) was at all relevant times a police officer employed by EPPD and acting under color of state law. He is sued in his individual capacity. He can be served at his place of employment, El Paso Police Department, 911 N. Raynor, El Paso, Texas.

11. Defendant Officer Soto (Badge 3783) was at all relevant times a police officer employed by EPPD and acting under color of state law. He is sued in his individual capacity. He can be served at his place of employment, El Paso Police Department, 911 N. Raynor, El Paso, Texas.

12. Defendant Officer Avila (Badge 3303) was at all relevant times a police officer employed by EPPD and acting under color of state law. He is sued in his individual capacity. He can be served at his place of employment, El Paso Police Department, 911 N. Raynor, El Paso, Texas.

## IV. FACTUAL ALLEGATIONS

13. On or about March 8, 2025, Plaintiff was lawfully present at or near the Studio 6 Motel, located at 11049 Gateway Blvd. W., El Paso, Texas. Plaintiff was not driving erratically, parked in an illegal manner, or any other discernible traffic violation that should have resulted in a law enforcement encounter.

14. Plaintiff was unarmed, posed no threat to officers or others, and was not suspected of a violent crime when El Paso Police Officers approached his vehicle and began to questions him about what he was doing at the motel parking lot.

15. Without warning, explanation, or lawful justification, Officer Mercado forcibly opened Plaintiff's vehicle door and violently pulled Plaintiff from the vehicle without indicating to Plaintiff why he was being physically accosted by El Paso Police Department officers.

16. Officer Mercado slammed Plaintiff to the ground, causing Plaintiff immediate pain and injury. While Plaintiff was being body slammed to the rough asphalt below, Officer

Mercado was cursing at Plaintiff in an unreasonably aggressive manner given the lack of resistance by Plaintiff.

17. While Plaintiff lay prone on the ground, Officer Mercado placed his knee on Plaintiff's neck and upper back, restricting Plaintiff's ability to breathe. This method of asphyxiation has been linked to other officer-involved deaths in El Paso and the United States.

18. Plaintiff was restrained, unable to move, and not resisting.

19. Despite observing that Plaintiff was restrained and posed no threat, Officers Soto and Avila arrived and began striking Plaintiff, including kicking and punching him in the face, ribs, and back.

20. At no time did Plaintiff strike, attempt to strike, or threaten any officer.

21. The force used against Plaintiff continued after any conceivable need for force had dissipated.

22. As a direct and proximate result of Defendants' actions, Plaintiff suffered:

    i.   Fractured wrists and ribs;
    ii.  Severe neck injury;
    iii. Hip injuries;
    iv.  Loss of use of his right wrist; and
    v.   Ongoing pain, emotional distress, and psychological trauma.

23. Defendants' actions were objectively unreasonable, gratuitous, and grossly disproportionate under the circumstances.

## V. CLEARLY ESTABLISHED LAW

24. At the time of the incident, it was clearly established that law enforcement officers may not use significant force against an individual who is restrained, not resisting, and poses no immediate threat.

25. The Fifth Circuit has repeatedly held that slamming, striking, or applying neck or back pressure to a subdued suspect violates the Fourth Amendment.

26. Relevant precedent includes, but is not limited to:

    i.   *Graham v. Connor*, 490 U.S. 386 (1989);

    ii.  *Bush v. Strain*, 513 F.3d 492 (5th Cir. 2008);

    iii. *Newman v. Guedry*, 703 F.3d 757 (5th Cir. 2012);

    iv.  *Trammell v. Fruge*, 868 F.3d 332 (5th Cir. 2017).

27. Any reasonable officer would have known that the force used against Plaintiff was unconstitutional.

## VI. CAUSES OF ACTION

COUNT I

Excessive Force – 42 U.S.C. § 1983 (Against Individual Defendants)

28. Plaintiff incorporates all preceding paragraphs.

29. Defendants Mercado, Soto, and Avila, acting under color of state law, used objectively unreasonable force against Plaintiff in violation of the Fourth Amendment.

30. Plaintiff was unarmed, restrained, not resisting, and posed no threat. This pattern of using excessive force towards unarmed detainees follows the same pattern of deliberate indifference of the El Paso Police Department towards clearly established law involving the use of force.

31. Based on the actions exhibited by Defendants in physically assaulting Plaintiff when he did not pose a threat, was unarmed and was not resisting arrest, the individual Officers are not entitled to qualified immunity.

COUNT II

Municipal Liability – Monell (Against City of El Paso)

32. Plaintiff incorporates all preceding paragraphs.

33. Plaintiff's injuries were caused by the City of El Paso's customs, policies, and practices, including:

    i. Failure to properly train officers on use-of-force standards;

    ii. Failure to supervise and discipline officers who use excessive force;

    iii. A pattern of tolerating unconstitutional uses of force.

34. The City had actual and constructive notice of these deficiencies through prior incidents, complaints, litigation, and court rulings.

35. The City's deliberate indifference was the moving force behind Plaintiff's injuries.

36. As of the filing of this Complaint, there have been dozens of similarly situated Plaintiffs aggrieved by the El Paso Police Department by its history of permitting illegal, excessive and constitutionally barred practices under the color of performing law enforcement duties. Such examples include the recently filed Xavier Hernandez matter, Daniel Diaz's death at the hands of the El Paso Police Department in 2021, Michael Thompson's matter involving the excessive use of a taser in 2022, and Erik Salas Sanchez wrongful death during a mental health call in 2015.

COUNT III

Failure to Train and Supervise – 42 U.S.C. § 1983 (Against City of El Paso)

37. Plaintiff incorporates all preceding paragraphs.

38. The City failed to provide adequate training and supervision despite the obvious and known risk that officers would violate constitutional rights. The actions of the individual police officers on the day in question clearly violated established law in the United States and Fifth Circuit dealing with encounters wherein the member of the public was not a threat to himself, law enforcement or the public.

39. This failure constitutes deliberate indifference under *City of Canton v. Harris*, 489 U.S. 378 (1989).

## VII. DAMAGES

40. As a result of Defendants' conduct, Plaintiff has suffered:

    i. Physical pain and impairment;

    ii. Emotional distress and mental anguish;

    iii. Medical expenses (past and future);

    iv. Loss of income and earning capacity.

41. Defendants' conduct was malicious, wanton, and in reckless disregard of Plaintiff's constitutional rights, justifying punitive damages against the individual defendants.

## VIII. ATTORNEY'S FEES

42. Plaintiff seeks attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## IX. JURY DEMAND

43. Plaintiff demands a trial by jury on all issues so triable.

                              Respectfully submitted,

                              Law Office of Gabriel S. Perez, PLLC
                              1012 N. Campbell Street
                              El Paso, Texas 79902
                              915-444-5351
                              915-671-3836 Fax

                              By: /s/ Gabriel S. Perez
                                   Gabriel S. Perez
                                   New Mexico State Bar No.: 138288
                                   Texas State Bar No.: 24063580
                                   gabriel@gabrielsperezlaw.com
                                   Attorney for Plaintiff